E. T., VA. & GA. R. R. CO. *v.* A. P. BRUMLEY.

RAILROADS. *Limiting liability.* A railroad company receiving goods for shipment beyond the terminus of its line may, by special contract, protect itself against liability for loss not occurring on its line. And such contract will be presumed from the fact that a clause thus limiting the liability is to be found printed in the bill of lading, even though the shipper's attention was not called to it, if it appears that he had previously shipped like articles and taken like bills of lading.

---

FROM GREENE.

---

Appeal in error from the Circuit Court of Greene county. NEWTON HACKER, J.

ROBINSON & MALONEY for Railroad.

H. H. INGERSOLL and W. A. HARMON for Brumley.

DEADERICK, C. J., delivered the opinion of the court.

This is an action brought by Brumley against the railroad company to recover the value of staves lost, which were shipped by him to Peters & Reed, Norfolk, Va. The parties waiving a jury, the circuit judge rendered judgment in favor of plaintiff below, from which the company has appealed to this court.

The facts are, as found by the court and as they appear in the record, that in October, 1874, Brumley

shipped a car load of staves from Greeneville, Tenn., to Norfolk, Va.; that 4,822 staves were loaded at Greeneville, and 932 less were received at Norfolk; that the Virginia road charged $23.51 in excess of the usual rates of freight upon its line, because the car contained, when received at Norfolk, over weight in staves to that amount. So we have a loss in the number of staves, and yet a large increase of their weight, as estimated at the shipping point. This excess of charges was made, collected and retained by the Virginia road. The staves went through to Norfolk on the car in which they were placed in Greeneville, and which belonged to plaintiff in error.

The shipper took a receipt for the staves, in which it is stated that the E. T., Va. & Ga. Railroad received the car load of staves, estimated at 20,000 lbs. and subject to correction, of said Brumley, to be transported over said railroad to Bristol, subject to the following conditions. Then follow certain limitations of said company's liabilities, printed in smaller type, which are in substance that said company is only liable for such injuries as occur while the articles are in its possession, and that their liability shall cease when delivery is made to connecting roads, or at the end of its rails, etc.

It also appears that the car in which the staves were shipped was a close, locked box car, and that it arrived at Bristol and was transferred there unopened to the connecting road.

Upon these facts the court held defendant liable, holding that the handing of the receipt to Brumley

by the railroad agent without calling his attention to the restrictive clauses, with the other facts in the case, did not constitute such a special agreement as would limit defendant's liability to its own road.

Plaintiff below stated that he had been shipping staves three or four years before the car load in question had been shipped, and had shipped fifteen or twenty car loads in all. He says his attention was not called to the clauses limiting the company's liability, but he can read print and writing. He does not say he did not know of such limitations in the contract. The original receipt is made an exhibit and shows that defendants only undertook to transport the staves to Bristol, its eastern terminus, and shows their destination to have been Norfolk, Va.

It is argued that plaintiff had sold the staves to Peters & Reed at that place, and was to pay the freight there, and therefore could not maintain this action. It is true that plaintiff had an executory contract to deliver the staves, but his consignees were not bound to pay for them unless received by them. And until they were delivered, they were at his risk, and he might maintain an action for failure to deliver. 1 Cold., 272; 1 Head, 158; 2 Gr. Ev., sec. 212.

But the question mainly discussed and upon which the case must turn, is whether the court was in error in holding that the limitations of the bill of lading, or receipt, did not relieve defendant from liability for loss occurring on the connecting road. The undertaking upon its face, plainly printed and written, is to deliver the staves at Bristol "subject to the following

conditions," then follow, in smaller but entirely legible type, four conditions upon which the road is exonerated from liability, one of which is that the liability of the road ceases when delivery is made to connecting road. Plaintiff having received similar receipts for other car loads of staves, the presumption is he knew the contents of the one in question. This delivery is shown to have been made at Bristol.

In 7 Heiskel, 257–8–9, it was held by this court, if a railroad company receives goods for transportation beyond the *terminus* of its own road, to be transported over a connecting road, it will be held liable for delivery at their destination, unless its liability is limited by express contract. But if by its contract, its liabilities only extended to the terminus of its own road, it was bound then to deliver to the next carrier, citing 1 Cold., 276. See also 6 Heis., 208.

So also it was held by this court in a late case, that a railroad company, as a common carrier, might exempt itself from loss, upon its own road, by contract upon sufficient consideration, other than such as resulted from negligence or bad faith, and that a lower rate of freight, or through transportation beyond its terminus, not conceded except upon those terms, is a sufficient consideration. And in that case a stipulation against liability for loss by fire was upheld. 2 Lea, 288. In this case there is no common law liability for losses sustained upon other roads. Whatever obligation there may be to make such losses good, must result from contract.

The E. T., Va. & Ga. road cannot be held liable

for the negligence or failure to perform its duty, of a connecting road, unless it assumes to do so expressly or by implication. It may protect itself against such liability by contract, as has been done in this case. The fact that they are connected, and for their mutual convenience collect freight for each other, upon goods delivered on their respective lines, does not of itself make them liable for the defaults of each other.

We are, therefore, of opinion that the judgment of the circuit judge must be reversed and judgment entered here for plaintiff in error.